1   MALCOLM S. MCNEIL, SBN 109601
2   ISMAEL BAUTISTA, JR., SBN 252139
    **FOX ROTHSCHILD LLP**
3   1800 Century Park East, Ste. 300
4   Los Angeles, California 90067-3005
    Tel: 310.598.4150 / Fax 310.556.9828
5   mmcneil@foxrothschild.com
6   ibautista@foxrothschild.com

7   Attorneys for Defendant WI SPA, LLC



FILED
CLERK, U.S. DISTRICT COURT
JAN 25. 2013
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

8
9               UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA

11  CATHERINE CARTER, on behalf of      CASE NO. **CV13- 00580**SVW ((LWX)
    herself and all others similarly situated,
12                                        **DEFENDANT WI SPA, LLC'S**
13              Plaintiff,                **NOTICE OF REMOVAL OF**
                                          **ACTION UNDER 28 U.S.C. § 1331**
14          v.                            **(FEDERAL QUESTION)**
15  WI SPA, LLC, a California limited     [Filed concurrently with Certification
16  liability company; and DOES 1 through and Notice of Interested Parties]
    10, inclusive,
17
                Defendants.
18
19
20
21
22
23
24
25
26                          .
27
28

                                    1
                          NOTICE OF REMOVAL

LA1 281746v1 01/25/13

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

2  **PLEASE TAKE NOTICE** that Defendant WI SPA, LLC ("Defendant")

3  hereby files this notice removing to this Court the state court action described

4  below (the "Notice of Removal"), based on the Court's removal jurisdiction under

5  28 U.S.C. § 1441, and the Court's jurisdiction under 28 U.S.C. § 1331.

6  **I.  PLEADINGS AND PROCEEDINGS TO DATE**

7  On or about December 20, 2012, Plaintiff CATHERINE CARTER

8  ("Plaintiff") commenced a class action for alleged violations of the Federal Credit

9  Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq.* in the Superior Court of

10  California in and for the County of Los Angeles, entitled *Catherine Carter v. Wi*

11  *Spa, LLC,* as Case No. BC497946 ("State Action"). A copy of the Summons and

12  Complaint papers is attached as **Exhibit "A."**

13  On or about December 28, 2012, Defendant was personally served in the

14  State Action. A copy of the Proof of Service is attached as **Exhibit "B."**

15  On or about January 10, 2013, the Los Angeles Superior Court issued an

16  Initial Status Conference Order, which is attached as **Exhibit "C,"** and a Court

17  Order Regarding Newly Filed Class Action, which is attached as **Exhibit "D."**

18  The Complaint constitutes the totality of all pleadings filed in the State

19  Action.

20  **II.  TIMELY REMOVAL OF STATE COURT COMPLAINT**

21  Removal of Plaintiff's Complaint is authorized by 28 U.S.C. §§ 1441 and

22  1446. 28 USC 1446(b) states in relevant part:

23        if the case stated by the initial pleading is not removable,

24        a notice of removal may be filed ***within thirty days after***

      ***receipt by the defendant***, through service or otherwise, of

25        a copy of an amended pleading, motion, order or other

26        paper from which it may first be ascertained that the case

      is one which is or has become removable...

27

28  This Notice of Removal is timely in that Defendant was served on December

LA1 281746v1 01/25/13

1 | paper from which it may first be ascertained that the case
2 | is one which is or has become removable...

3 | This Notice of Removal is timely in that Defendant was served on December
4 | 28, 2012 and this Notice of Removal is being filed within thirty (30) days.

5 | **III.   SUBJECT MATTER JURISDICTION**

6 | In order to establish subject matter jurisdiction due to federal question,
7 | Defendant must show that this civil action arises under the laws of the United
8 | States. Here, as this action involves the Federal Credit Reporting Act, 15 U.S.C. §
9 | 1681p, removal is proper.

10 | **IV.   VENUE**

11 | This action is currently pending in the Superior Court of California in the
12 | County of Los Angeles and, therefore, venue in this Court is proper pursuant to 28
13 | U.S.C. § 84(c) and 28 U.S.C. § 1391(a).

14 | **V.   NOTIFICATIONS**

15 | As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written
16 | notice to Plaintiff, by counsel, of removal of this action to federal court. As
17 | required by 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of
18 | Removal with the Clerk of the Superior Court of the State of California for the
19 | County of Los Angeles.

20 | WHEREFORE, Defendant hereby removes this action from the State Court
21 | to the United States District Court for the Central District of California.

22 | Dated: January 25, 2013                    FOX ROTHSCHILD LLP

By: _____
Malcolm S. McNeil
Ismael Bautista, Jr.
Attorneys for Defendant WI SPA, LLC

3
NOTICE OF REMOVAL

LA1 281746v1 01/25/13

# EXHIBIT

# "A"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** WI SPA, LLC, a California limited
*(AVISO AL DEMANDADO):* liability company; and DOES 1
through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** CATHERINE CARTER, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself
and all others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 2 0 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso)* BC497940 |

Los Angeles Superior Court
111 North Hill Street

Los Angeles, CA  90010

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alex P. Katofsky, Esq. (SBN 202754)      (818) 703-8985  (818) 703-8984
Gaines & Gaines, APLC
21500 Oxnard Street
Woodland Hills, CA 91367

| DATE: *(Fecha)* | JOHN A. CLARKE, | Clerk, by *(Secretario)* | Mary Flores | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* WI SPA, LLC, A California Limited Liability Company

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alex P. Katofsky, Esq. (SBN 202754)<br>Gaines & Gaines, APLC<br>21500 Oxnard Street<br>Suite 980<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 703-8985  FAX NO.: (818) 703-8984<br>ATTORNEY FOR *(Name)*: Plaintiff Catherine Carter | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>DEC 20 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90010
BRANCH NAME: Central

CASE NAME: Carter v. WI Spa, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 49 794 6 |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount     (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [x] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: One
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 12/20/2012
Alex P. Katofsky, Esq. (SBN 202754)                    ▶ [signature] Alex Katofsky
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal
Solutions
Plus

| SHORT TITLE: CATHERINE CARTER V. WI SPA, LLC | CASE NUMBER | BC497946 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [x] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | | | |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: CATHERINE CARTER V. WI SPA, LLC | | CASE NUMBER | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | [X] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3 |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | [ ] A6017 Legal Malpractice | 1., 2., 3. |
| | | [ ] A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | [ ] A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | [ ] A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | [ ] A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | [ ] A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | [ ] A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | [ ] A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | [ ] A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | [ ] A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | [ ] A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | [ ] A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | [ ] A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | [ ] A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | [ ] A6031 Tortious Interference | 1., 2., 3., 5. |
| | | [ ] A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | [ ] A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | [ ] A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | [ ] A6018 Mortgage Foreclosure | 2., 6. |
| | | [ ] A6032 Quiet Title | 2., 6. |
| | | [ ] A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | [ ] A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | [ ] A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | [ ] A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | [ ] A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE CATHERINE CARTER V. WI SPA, LLC | | CASE NUMBER | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | A6151  Writ - Administrative Mandamus | 2., 8. |
| | | A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | A6141  Sister State Judgment | 2., 9. |
| | | A6160  Abstract of Judgment | 2., 6. |
| | | A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | A6030  Declaratory Relief Only | 1., 2., 8. |
| | | A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | A6121  Civil Harassment | 2., 3., 9. |
| | | A6123  Workplace Harassment | 2., 3., 9. |
| | | A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | A6190  Election Contest | 2. |
| | | A6110  Petition for Change of Name | 2., 7. |
| | | A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: CATHERINE CARTER V. WI SPA, LLC | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | ADDRESS: 2700 Wilshire Boulevard |
|---|---|
| CITY:<br>Los Angeles | STATE.<br>CA | ZIP CODE<br>90057 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 12/20/2012

(SIGNATURE OF ATTORNEY/FILING PARTY)
Alex P. Katofksy

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

1   KENNETH S. GAINES, ESQ. SBN 049045
    Ken@gaineslawfirm.com
2   DANIEL F. GAINES, ESQ. SBN 251488
    Daniel@gaineslawfirm.com
3   ALEX P. KATOFSKY, ESQ. SBN 202754
    Alex@gaineslawfirm.com
4   SEPIDEH HIRMAND, ESQ. SBN 274259
    Sepideh@gaineslawfirm.com
5   **GAINES & GAINES, APLC**
    21550 Oxnard Street, Suite 980
6   Woodland Hills, California 91367
    Telephone:    (818) 703-8985
7   Facsimile:     (818) 703-8984

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 20 2012

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
        Mary Flores

8   Attorneys for Plaintiff Catherine Carter, on behalf of herself and others similarly situated, and on
9   behalf of the general public

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **IN AND FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 12   CATHERINE CARTER, on behalf of herself ) | Case No.:     BC 49 79 46 |
| 13   and all others similarly situated,         ) | |
| 14                           ) | **CLASS ACTION** |
| 15           Plaintiff,          ) | **COMPLAINT FOR DAMAGES AND** |
|       v.                     ) | **INJUNCTIVE RELIEF** |
| 16   WI SPA, LLC, a California limited liability   ) | |
| 17   company; and DOES 1 through 10, inclusive. ) | **DEMAND FOR JURY TRIAL** |
| 18         Defendants.        ) | |
| 19                           ) | |
| 20  _____ ) | |

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff CATHERINE CARTER ("Carter" or "Plaintiff"), on behalf of herself and all
2    others similarly situated (the "Class" or "Plaintiff Class") and on behalf of the general public,
3    complains of Defendants, and each of them, as follows:

4                                    **INTRODUCTION**

5        1.    This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of
6    Plaintiff and other individuals who used credit or debit cards to make purchases from a business
7    owned and/or operated by Defendant WI SPA, LLC, and any subsidiaries or affiliated companies
8    (hereinafter collectively referred to as "Defendants") nationwide.

9        2.    In 2003, Congress passed the Fair and Accurate Credit Transaction Act
10   ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.

11       3.    A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit
12   Reporting Act) provides that:

13               "No person that accepts credit cards or debit cards for the transaction
14               of business shall print more than the last five digits of the card
15               number or the expiration date upon any receipt provided to the
16               cardholder at the point of sale or transaction."

17       4.    Defendants have willfully violated this law and failed to protect Plaintiff and
18   others similarly situated against identity theft and credit card and debit card fraud by printing the
19   expiration date on receipts provided to debit card and credit card cardholders transacting business
20   with Defendants.

21       5.    Plaintiff, on behalf of herself and all others similarly situated, brings this action
22   against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 et seq.

23       6.    Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive
24   damages, costs and attorneys' fees, all of which are expressly made available by statute at 15
25   U.S.C. §§ 1681 et seq., and a permanent injunction enjoining Defendants from continuing their
26   unlawful practice of willfully violating FACTA's provisions intended to safeguard against
27   identity theft and credit and debit card fraud.

28   \\

                                         - 2 -

**PARTIES**

7.    Plaintiff Catherine Carter is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

8.    At all times relevant herein, Defendant WI SPA, LLC, has been a California limited liability company doing business in the State of California, County of Los Angeles. The violations alleged herein have taken place at Defendant's business locations in Los Angeles County. Venue as to each Defendant is therefore proper in this judicial district, pursuant to Code of Civil Procedure § 395.

9.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**FACTUAL BACKGROUND**

11.    At all times since at least December 20, 2007, Defendants have owned and/or operated one or more retail spa businesses in Los Angeles County.

12.    Based on information and belief, Plaintiff alleges that Defendants accept credit and debit cards from customers to make purchases at their businesses.

13.    Plaintiff used a debit or credit card to make a purchase at one of Defendant's spas in December 2012. The entire expiration date of her credit or debit card was printed on the receipt generated and provided to her at the point of sale.

- 3 -

14.     Plaintiff is informed and believes, and based thereon alleges, that Defendants print the entire expiration date on receipts provided to their customers for credit and debit card transactions since at least December 20, 2007.

## CLASS ALLEGATIONS

15.     Plaintiff brings this class action pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to certify a Class composed of and defined as follows:

> "All persons in the United States to whom, through use of a machine used by Defendants, were provided with an electronically printed receipt at the point of a sale or transaction on which the expiration date of the person's credit or debit card was printed since the date five years prior to the filing of this Action."

**Numerosity**

16.     The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

17.     Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, fifty members of the Plaintiff Class.

18.     The exact size of the Plaintiff Class and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to, Defendants' sales and transaction records.

**Typicality**

19.     Plaintiff's claims are typical of the claims of the Class. The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same unlawful conduct.

20.     Plaintiff and the Class members were each customers of Defendants, each having made a purchase from, or transacted other business with, Defendants using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and Class members, Defendants provided to Plaintiff and each Class member a receipt which violated 15 U.S.C. § 1681c(g).

\\

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Common Questions of Fact and Law**

21.     There is a well-defined community of interest and common questions of fact and law affecting the Class members.

22.     The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

        (a)     Whether Defendants' conduct of providing Plaintiff and the Class members with a sales or transaction receipt whereon Defendants printed the expiration date of the credit card violated FACTA, 15 U.S.C. §§ 1681 et seq.;

        (b)     Whether Defendants' conduct was willful;

        (c)     Whether Plaintiff and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct; and

        (d)     Whether Plaintiff and Class members are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

**Adequacy of Representation**

23.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the Class members. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

**Superiority**

24.     A class action is superior to other available means for the fair and efficient adjudication of the Class claims. The damages suffered by individual Class members are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each Class member to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any Class member. The likelihood of the individual Class members prosecuting separate claims is remote. Individualized litigation

- 5 -

1   would also present the potential for varying, inconsistent or contradictory judgments, and would

2   increase the delay and expense to all parties and the court system resulting from multiple trials of

3   the same factual issues. In contrast, the conduct of this matter as a class action presents fewer

4   management difficulties, conserves the resources of the parties and the court system, and would

5   protect the rights of each Class member. Plaintiff knows of no difficulty to be encountered in the

6   management of this action that would preclude its maintenance as a class action.

7   **Injunctive Relief**

8       25.     Defendants have acted on grounds generally applicable to the Class members,

9   thereby making appropriate final injunctive relief with respect to the Class as a whole.

10                          **FIRST CAUSE OF ACTION**

11              **PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS**

12              **FOR VIOLATION OF 15 U.S.C. §§ 1681 ET. SEQ.**

13      26.     Plaintiff hereby incorporates by reference all the allegations contained in

14  paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth herein.

15      27.     Plaintiff asserts this claim on behalf of herself and the Class against Defendants

16  and each of them.

17      28.     Title 15 U.S.C. § 1681c(g)(1) provides in relevant part that:

18                  "...no person that accepts credit cards or debit cards for the

19                  transaction of business shall print more than the last five digits of the

20                  card number or the expiration date upon any receipt provided to the

21                  cardholder at the point of sale or transaction."

22      29.     Defendants transact business in California and accept credit cards and/or debit

23  cards in the course of transacting business with persons such as Plaintiff and the Class members.

24  In transacting such business, Defendants use cash registers and/or other machines or devices that

25  electronically print receipts for credit card and/or debit card transactions.

26      30.     Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff

27  with one or more electronically printed receipts on each of which Defendants printed the

28  expiration date of Plaintiff's credit or debit card.

-6-

31.    Defendants, at the point of a sale or transaction with Class members, provided, through use of a machine, each member of the Class with one or more electronically printed receipts, each of which Defendants printed, for each respective Class member, the expiration date of such member's credit or debit card.

32.    Defendants' actions were and continue to be willful.  Defendants intentionally print expiration dates on Plaintiff's and Class members' receipts.  Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of expiration dates.

33.    In addition, on information and belief, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such companies as VISA and MasterCard and others required Defendants (and informed Defendants of the FACTA requirements) to prevent the printing of expiration dates on receipts.

34.    Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of expiration dates on receipts, Defendants and each of them willfully violated and continue to violate FACTA's requirements by printing the expiration date on the receipts provided to Class members – persons with whom Defendants transact business.

35.    Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the Class members thereby exposing Plaintiff and the Class members to an increased risk of identity theft and credit and/or debit card fraud.

36.    As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each Class member in the statutory damage amount of "not less than $100 and not more than $1000" for each violation.  15 U.S.C. 1681n(a)(1)(A).

37.    As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

38.     As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to punitive damages.  15 U.S.C. 1681n(a)(2).

39.     Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of herself and the Class members, prays for:

1.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing Gaines & Gaines, APLC representing Plaintiff as counsel for the Class;

2.     An award to Plaintiff and the Class members of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations of FACTA;

3.     An award to Plaintiff and the Class members of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5.     Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

6.     A permanent injunction enjoining Defendants and each of them from engaging in their violations of FACTA; and

7.     For other and further relief as the Court deems proper.

\\
\\
\\
\\
\\
\\
\\
\\
\\

- 8 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## DEMAND FOR JURY TRIAL

2    Plaintiff, on behalf of herself and the putative Class members, demands a trial by jury on

3    all claims and causes of action to which she is entitled to a jury trial.

4

5                                        Respectfully submitted,

6    Dated: December 20, 2012            GAINES & GAINES, APLC.

7

8                                    By: _____
                                         DANIEL F. GAINES
9                                        ALEX P. KATOFSKY
                                         SEPIDEH HIRMAND
10                                       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

BC 49 79 46

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,*
*but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤  _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➤  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤  _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤  (ATTORNEY FOR _____)
    (TYPE OR PRINT NAME)
Date:

_____    ➤  (ATTORNEY FOR _____)
    (TYPE OR PRINT NAME)
Date:

_____    ➤  (ATTORNEY FOR _____)
    (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):    FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.  Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an **Answer to Request for Informal Discovery Conference**, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____      ➢  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➢  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____      ➢  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____      ➢  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____      ➢  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:  _____      _____
                                              JUDICIAL OFFICER

# EXHIBIT
# "B"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KENNETH S. GAINES, ESQ.  SBN 049045<br>ALEX P. KATOFSKY, ESQ.   SBN202754<br>GAINES & GAINES, APLC<br>21550 Oxnard Street, Suite 980 Woodland Hills, CA 91367<br>TELEPHONE NO.: 818.703.8985          FAX NO. *(Optional)*  818.703.8984<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  CATHERINE CARTER | **ORIGINAL FILED**<br><br>JAN 0 7 2013<br><br>LOS ANGELES<br>SUPERIOR COURT |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles | |
|---|---|
| STREET ADDRESS:   111 North Hill St. | |
| MAILING ADDRESS:   same | |
| CITY AND ZIP CODE:   Los Angeles, 90012 | |
| BRANCH NAME:   Central District | |

| PLAINTIFF/PETITIONER: CATHERINE CARTER | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: WI SPA, LLC | BC 497 946 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:  Dept 310 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  ☑ summons
    b.  ☑ complaint
    c.  ☑ Alternative Dispute Resolution (ADR) package
    d.  ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ cross-complaint
    f.  ☑ other *(specify documents):*  Civil Case Cover Sheet Addendum, Notice Case assignment

3.  a.  Party served *(specify name of party as shown on documents served):*
        WI SPA, LLC

    b.  ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        ALPHAN K. TSOI agent for service of process

4.  Address where the party was served:
    108 N. Ynez Avenue, Suite 118, Monterey Park, California 91754

5.  I served the party *(check proper box)*
    a.  ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date):* 12-28-12          (2) at *(time):*  11:00A.M.
    b.  ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.Forms.Workflow.com |
|---|---|---|

# EXHIBIT
# "C"

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Alex P. Katofsky, Esq. (SBN 202754)<br>Gaines & Gaines, APLC<br>21500 Oxnard Street<br>Suite 980<br>Woodland Hills, CA 91367<br>  TELEPHONE NO.: (818) 703-8985  FAX NO. *(Optional):* (818) 703-8984<br>E-MAIL ADDRESS *(Optional):* alex@gaineslawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Catherine Carter | FOR COURT USE ONLY<br><br>**ORIGINAL FILED**<br><br>JAN 22 2013<br>LOS ANGELES<br>SUPERIOR COURT |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90010
BRANCH NAME: Central

PLAINTIFF/PETITIONER: CATHERINE CARTER, ET AL.
DEFENDANT/RESPONDENT: WI SPA, LLC

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER<br><br>*(Check one):*  [X] **UNLIMITED CASE**          [ ] **LIMITED CASE**<br>              (Amount demanded          (Amount demanded was<br>              exceeded $25,000)          $25,000 or less) | CASE NUMBER:<br><br>BC 497 946 |
|---|---|

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* January 10, 2013

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 1/17/2013

Alex P. Katofsky, Esq.
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)                    ▶                                          (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**



Legal
Solutions
Plus

CIV-130

| PLAINTIFF/PETITIONER: CATHERINE CARTER, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WI SPA, LLC | BC 497 946 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   21550 Oxnard Street, Suite 980, Woodland Hills, CA  91367

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. [x] deposited the sealed envelope with the United States Postal Service.

   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* 1/17/2013

   b. from *(city and state):* Woodland Hills, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Alphan K. Tsoi
      Agent for Service of Process
      Street address: 108 N. Ynez Ave. 118

      City: Monterey Park

      State and zip code: California 91754

   c. Name of person served:

      Street address:

      City:

      State and zip code:

   b. Name of person served:

      Street address:

      City:

      State and zip code:

   d. Name of person served:

      Street address:

      City:

      State and zip code:

   [ ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 2 6 .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/17/2013

Carole Thompson
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Carole Thompson*
_____
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

5

1

2          CONFORMED COPY
           ORIGINAL FILED
           Superior Court Of California
           County Of Los Angeles
3
           JAN 10 2013
4
           John A. Clarke, Executive Officer/Clerk
5              By: E. Sabalburo, Deputy

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10                        CENTRAL DISTRICT

11   CATHERINE CARTER,                   Case No.: BC497946

12              Plaintiff,               INITIAL STATUS CONFERENCE ORDER
                                         (COMPLEX LITIGATION PROGRAM)
13         vs.
                                         Case Assigned for All Purposes to
14   WI SPA, LLC, et al.,                Judge Kenneth R. Freeman

15              Defendants.              Department: 310
                                         Date:       April 19, 2013
16                                       Time:       1:30 p.m.

17

18

19         This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

20   Litigation Program.  An Initial Status Conference is set for April 19, 2013, at 1:30 p.m., in

21   Department 310, located in the Central Civil West Courthouse at 600 South Commonwealth

22   Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.
23
           The court orders counsel to prepare for the Initial Status Conference by identifying and
24
     discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to
25
26   initiate contact with counsel for defense to begin this process.  Counsel then must negotiate and

27   agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

28

                              INITIAL STATUS CONFERENCE ORDER

Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

-2-

8. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty**[1]**. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

9. **CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

10. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

---

[2] See California Rule of Court, Rule 3.768.

-4-

1    ■ Case Anywhere (www.caseanywhere.com),

2    ■ CaseHomePage (www.casehomepage.com), or

3    ■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

4       Please agree on one and submit the parties' choice when filing the Joint Initial Status

5    Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

6    parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

7    service is not the same as electronic filing.  Only traditional methods of filing by physical delivery

8    of original papers or by fax filing are presently acceptable.

9

10      **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

11   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

12   court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the

13   facts on which the party relies. The declaration must clearly state whether consideration, direct or

14   indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the

15   parties have settled the class action, that too will require judicial approval based on a noticed

16   motion (although it may be possible to shorten time by consent for good cause shown).

17

18      Pending further order of this Court, and except as otherwise provided in this Initial Status

19   Conference Order, ***these proceedings are stayed in their entirety***. This stay shall preclude the

20   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

21   Court; however, any defendant may file a Notice of Appearance for purposes of identification of

22   counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

23   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

24   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

25

26   _____

27   [3] California Rule of Court, Rule 3.770(a)

28                                    -5-

1   to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

2   parties in managing this "complex" case through the development of an orderly schedule for

3   briefing and hearings on procedural and substantive challenges to the complaint and other issues

4   that may assist in the orderly management of these cases. This stay shall not preclude the parties

5   from informally exchanging documents that may assist in their initial evaluation of the issues

6   presented in this case, however shall stay all outstanding discovery requests.

7
        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on
8
9   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

10  service of this order. If any defendant has not been served in this action, service is to be completed

11  within twenty (20) days of the date of this order.

12      Dated: January 10, 2013

13

14                          KENNETH R. FREEMAN

15                          Judge Kenneth R. Freeman

16

17

18

19

20

21

22

23

24

25

26

27

28
                            -6-

                   INITIAL STATUS CONFERENCE ORDER

# EXHIBIT

# "D"

| PLAINTIFF/PETITIONER: CATHERINE CARTER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WI SPA, LLC | BC 497 946 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* WI SPA, LLC, a California limited liability company
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Edward Gino Melzi, The Melzi Group, ASAP~Attorney Services
  b. Address: 5825 Reseda Blvd., Suite 310
  c. Telephone number: 818.705.8460
  d. The fee for service was: $150.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.: 2012098381
      (iii) County: Los Angeles

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: December 28, 2012

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                          (SIGNATURE )

CIV-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Alex P. Katofsky, Esq. (SBN 202754)<br>Gaines & Gaines, APLC<br>21500 Oxnard Street<br>Suite 980<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 703-8985 FAX NO. (Optional): (818) 703-8984<br>E-MAIL ADDRESS (Optional): alex@gaineslawfirm.com<br>ATTORNEY FOR (Name): Plaintiff Catherine Carter | FOR COURT USE ONLY<br><br>**ORIGINAL FILED**<br><br>JAN 22 2013<br><br>LOS ANGELES<br>SUPERIOR COURT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90010<br>BRANCH NAME: Central | |
| PLAINTIFF/PETITIONER: CATHERINE CARTER, ET AL.<br>DEFENDANT/RESPONDENT: WI SPA, LLC | |
| **NOTICE OF ENTRY OF JUDGMENT**<br>**OR ORDER**<br><br>*(Check one):* [X] **UNLIMITED CASE**  [ ] **LIMITED CASE**<br>(Amount demanded  (Amount demanded was<br>exceeded $25,000)  $25,000 or less) | CASE NUMBER:<br><br>BC 497 946 |

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on *(date):* January 10, 2013

2. A copy of the judgment, decree, or order is attached to this notice.

Date: 1/17/2013

Alex P. Katofsky, Esq.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)



(SIGNATURE)

Page 1 of 2

**CIV-130**

| PLAINTIFF/PETITIONER: CATHERINE CARTER, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WI SPA, LLC | BC 497 946 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   21550 Oxnard Street, Suite 980, Woodland Hills, CA  91367

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. [ x ] deposited the sealed envelope with the United States Postal Service.

   b. [  ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* 1/17/2013

   b. from *(city and state):* Woodland Hills, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Alphan K. Tsoi
      Agent for Service of Process
      Street address: 108 N. Ynez Ave. 118

      City: Monterey Park

      State and zip code: California 91754

   b. Name of person served:

      Street address:

      City:

      State and zip code:

   c. Name of person served:

      Street address:

      City:

      State and zip code:

   d. Name of person served:

      Street address:

      City:

      State and zip code:

   [  ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 3 .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/17/2013

Carole Thompson
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Carole Thompson*
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]   **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/10/13 | | **DEPT.** 310 |
| HONORABLE KENNETH R. FREEMAN  JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE #8  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| P. REES, C.A.  Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 2:00 pm | BC497946 | Plaintiff Counsel | |
| | CATHERINE CARTER VS WI SPA LLC | Defendant Counsel | |
| | Complex 1/10/13 | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for April 19, 2013, at 1:30 p.m., in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 310

MINUTES ENTERED
01/10/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/10/13 | | **DEPT.** 310 |
| HONORABLE KENNETH R. FREEMAN      JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE #8                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| P. REES, C.A.    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 2:00 pm | BC497946 | Plaintiff Counsel |
| | CATHERINE CARTER VS WI SPA LLC | Defendant Counsel |
| | Complex 1/10/13 | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

The Court requests that parties file one original and one courtesy copy of the Joint Initial Status Conference Class Action Response Statement in Department 310.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served a copy of this Minute Order and the Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered

Page   2 of   3   DEPT. 310

MINUTES ENTERED
01/10/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/10/13 | **DEPT.** 310 |
| HONORABLE  KENNETH R. FREEMAN   JUDGE | E. SABALBURO   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #8   P. REES, C.A.   Deputy Sheriff | NONE   Reporter |

| | |
|---|---|
| 2:00 pm | BC497946 |
| | CATHERINE CARTER |
| | VS |
| | WI SPA LLC |
| | Complex 1/10/13 |

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: January 10, 2013

John A. Clarke, Executive Officer/Clerk

By: _____
           E. Sabalburo

Kenneth S. Gaines
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367

Page    3 of    3    DEPT. 310

MINUTES ENTERED
01/10/13
COUNTY CLERK

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          I, the undersigned, declare that I am, and was at the time of service of the
     papers herein referred to, over the age of eighteen years and not a party to the
4    within action or proceeding. My business address is the law firm of Fox
     Rothschild LLP, 1800 Century Park East, Suite 300, Los Angeles, CA 90067-
5    1506.

6          On January 25, 2013, I served the following document(s) described as
     **DEFENDANT WI SPA, LLC'S NOTICE OF REMOVAL OF ACTION**
7    **UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)** on the interested parties
     in this action as follows:

8                                **SERVICE LIST**
9
     Kenneth S. Gaines, Esq
10   Daniel F. Gaines, Esq.
     Alex P. Katofsky, Esq.
11   Sepideh Hirmand, Esq.
     GAINES & GAINES, APLC
12   21550 Oxnard Street, Suite 980
     Woodland Hills, CA 91367
13
     **[X]     BY MAIL:** I enclosed the document(s) in a sealed envelope or package
14   addressed to the persons at the addresses listed in the Service List and placed the
     envelope for collection and mailing, following our ordinary business practices.
15   I am readily familiar with Fox Rothschild LLP practice for collecting and
     processing document for mailing. On the same day that the document(s) is/are
16   placed for collection and mailing, it is deposited in the ordinary course of
     business with the United States Postal Service, in a sealed envelope with
17   postage fully prepaid.

18         I declare under penalty of perjury that the foregoing is true and correct
     and that I am employed in the office of a member of the bar of this Court at
19   whose direction the service was made.

20   DATED: January 25, 2013

21                                    Jason Lozano

22

23

24

25

26

27

28

                                NOTICE OF REMOVAL

     LA1 281746v1 01/25/13

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV13- 580 SVW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Catherine Carter, on behalf of herself and all others similarly situated | **DEFENDANTS**<br>Wi Spa, LLC |

| | |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Kenneth S. Gaines, Gaines & Gaines, APLC<br>21550 Oxnard St., Ste. 980, Woodland Hills, CA 91367<br>(818) 703-8985 | Attorneys (If Known)<br><br>Ismael Bautista, Jr., Fox Rothschild LLP<br>1800 Century Park East, Ste. 300, Los Angeles, CA 90067<br>(310) 598.4150 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal is filed under 28 U.S.C. sec. 1331 as Plaintiff's complaint arises under Fair Credit Reporting Act, 15 U.S.C. 1681p.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment<br>☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark<br>SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV13-00580**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date January 25, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the

4

within action or proceeding.  My business address is the law firm of Fox Rothschild LLP, 1800 Century Park East, Suite 300, Los Angeles, CA  90067-

5

1506.

6

    On January 25, 2013, I served the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

7

## SERVICE LIST

8

Kenneth S. Gaines, Esq

9

Daniel F. Gaines, Esq.
Alex P. Katofsky, Esq.

10

Sepideh Hirmand, Esq.
GAINES & GAINES, APLC

11

21550 Oxnard Street, Suite 980
Woodland Hills, CA  91367

12

**[X]**    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package

13

addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.

14

I am readily familiar with Fox Rothschild LLP practice for collecting and processing document for mailing.  On the same day that the document(s) is/are

15

placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with

16

postage fully prepaid.

17

    I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at

18

whose direction the service was made.

19

DATED: January 25, 2013

                    Jason Lozano

20

21

22

23

24

25

26

27

28

CIVIL COVER SHEET

LA1 281877v1 01/25/13